UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AARON ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20-CV-1662 JMB |
| | ) |
| MATTHEW WALTZ, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Self-represented, prisoner plaintiff Aaron Robinson brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $19.70.  *See* 28 U.S.C. § 1915(b)(1).

Also pending before the Court is a motion to dismiss filed by defendants Matthew Waltz and Andrew Zleit.  ECF No. 8.  Under 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis* and dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.  After reviewing plaintiff's complaint under 28 U.S.C. § 1915(e)(2), the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.  As such, all other pending motions will be denied as moot.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In his signed and sworn motion, plaintiff states that he is not employed, has no income, and has no money in any checking or saving account. ECF No. 2. However, the year-old inmate account statement plaintiff filed with his motion shows average monthly deposits of $98.50. ECF Nos. 3 & 6. The Court finds that plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $19.70, which is twenty percent of plaintiff's average monthly deposit. If plaintiff is unable to pay the initial partial filing fee, he must submit a current copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against nine defendants: (1) Matthew Waltz (public defender); (2) Tanya Engelhardt (circuit attorney); (3) Edward Sweeney, Jr. (Missouri state court judge); (4) Andrew E. Zleit (appellant attorney); (5) Clinton Wright (Missouri state court judge); (6) Henry Autrey (U.S. District Court Judge); (7) Sam E. Poston (appellant attorney); (8) Kent E. Gibson (appellant attorney); and (9) Taylor Lynn Rickard (appellant attorney).  ECF No. 1 at 1-5.  Plaintiff brings his claims against all defendants in both their official and individual capacities. *Id.*

Plaintiff's 'Statement of Claim' section of his form complaint contains no short and plain statement of the facts supporting his claims. *Id.* at 3-10.  Instead, plaintiff includes legal language

on "Bias, Prejudice, and Harassment;" "1981 Equal Rights under the Law;" "1982 Property Rights of Citizens;" and "1985 Conspiracy to Interfere with Civil Rights." *Id.* at 6-10.

For relief, plaintiff states:

> Petitioner Robinson has not gained relief despite the U.S. Supreme Court mandates concern[ing] "juveniles sentenced to life without parole sentences." This has been the effect even with the intervening change in controlling law and the continued violation of the Eighth Amendment. (For punitive damages I feel I am entitled to 50 million dollars in damages. I also want my record expunged off my name and I want to be release[d] as soon as possible. I want my life back[.)]

*Id.* at 11.

Attached to plaintiff's complaint is a document titled "Affidavit of Eric Ware." ECF No. 1-1. The Court treats attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). However, in this case, the attachment seems to have no relation to the plaintiff or any named defendant. In the affidavit, Mr. Ware describes the death of two of his fellow inmates and prison conditions of confinement. There is no mention of plaintiff Aaron Robinson and it is not clear how this affidavit is related to the claims of plaintiff's complaint.

**Background**

Having some understanding of plaintiff's criminal history helps understand his relationship with the named defendants. On March 25, 2010, plaintiff was convicted of first-degree murder and armed criminal action by a jury in St. Louis City Circuit Court. *State v. Robinson*, No. 0722-CR07110-01 (22nd Jud. Cir. filed Aug. 28, 2007). Plaintiff was 17 years old when he committed the offenses. He was sentenced to concurrent terms of life without parole for first degree murder and 30 years for armed criminal action. In the 2010 trial in the matter, plaintiff was represented by public defender Matthew Waltz, the state's prosecuting attorney was Tanya Engelhardt, and the trial was before Judge Edward Sweeney, Jr.

- 4 -

Plaintiff's conviction was affirmed on appeal. *State v. Robinson*, 330 S.W.3d 867 (Mo. Ct. App. 2011). Subsequently, plaintiff's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied, and the denial was affirmed on appeal. *Robinson v. State*, No. 1122-CC01665 (22nd Jud. Cir. filed Apr. 14, 2011); *Robinson v. State*, 519 S.W.3d 815 (Mo. Ct. App. 2017). Plaintiff was represented by public defender Andrew Zleit in his Rule 29.15 proceedings.

On June 25, 2012, while plaintiff's motion for post-conviction relief was pending in state court, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. On May 31, 2013, attorney Zleit filed a writ of habeas corpus in state circuit court on plaintiff's behalf, based on the *Miller* decision. *Robinson v. Russell*, No. 13SF-CC00109 (24th Jud. Cir. filed May 31, 2013). The circuit court denied relief. Zleit also represented plaintiff in the filing of a writ of habeas corpus with the Missouri Court of Appeals, *In re Robinson*, No. SD33155 (Mo. Ct. App. filed Feb. 3, 2014), which denied plaintiff's claim as procedurally barred on October 15, 2014. The Missouri Supreme Court granted transfer on March 31, 2015.

On January 27, 2016, while plaintiff's habeas action was pending before the Missouri Supreme Court, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), holding that *Miller* applied retroactively. On July 13, 2016, Missouri Governor Jay Nixon signed Missouri Senate Bill No. 590, codified at Mo. Rev. Stat. § 558.047, eliminating mandatory life sentences for juveniles and providing juveniles serving mandatory sentences of life without parole an opportunity to petition the parole board for a sentencing review

after serving 25 years. In July 2016, the Missouri Supreme Court overruled a previous order and found the passage of the Missouri legislation as grounds for denying plaintiff's habeas petition.[1]

In January 2017, plaintiff filed a federal habeas petition in this Court. *Robinson v. Lewis*, No. 4:17-CV-4-HEA (E.D. Mo. filed Jan. 3. 2017). In January 2018, attorneys Kent Gipson and Taylor Rickard filed an amended habeas petition on plaintiff's behalf in the matter. *Id.* at ECF No. 13. On March 26, 2020, the Honorable Henry Edward Autrey stayed plaintiff's habeas action, pending exhaustion of state court remedies. *Id.* at ECF No. 27. Subsequently, attorneys Gipson and Rickard withdrew from the matter at plaintiff's request. *Id.* at ECF Nos. 28-29. As of the date of this Order, the matter remains stayed.

In February 2020, plaintiff filed a *pro se* motion for "rehearing and review of sentencing" regarding his initial state court case in the trial court. *See State v. Robinson*, No. 0722-CR07110-01 (22nd Jud. Cir. filed Feb. 19, 2020). While this motion was pending, plaintiff filed a *pro se* petition for writ of mandamus in Missouri circuit court, arguing that Judge Clinton Wright (who plaintiff stated had replaced Judge Sweeney, Jr. on his case) was taking too long to rule on his pending motion for rehearing and resentencing. *Robinson v. State*, No. 2022-CC01259 (22nd Jud. Cir. filed July 1, 2020). On January 7, 2021, Missouri circuit court Judge Katherine Fowler denied plaintiff's motion for rehearing and reiterated that resentencing is unnecessary because plaintiff's appropriate avenue of relief is Mo. Rev. Stat. § 558.047, which provides that a defendant may

---

[1] On March 15, 2016, the Missouri Supreme Court ordered that because the Missouri General Assembly had yet to enact a constitutionally valid sentencing provision for juveniles mandatorily sentenced to life without parole, plaintiff and similarly situated offenders would be eligible to apply for parole after 25 years' imprisonment unless their life without parole sentences were brought into conformity with *Miller* and *Montgomery* by legislative or gubernatorial action. *In re Robinson*, No. SD33155 (Mo. 2016). The Missouri Supreme Court's order also denied without prejudice "all other claims alleged in the petition and pending motion." Plaintiff filed a motion for reconsideration on March 25, 2016. However, after the codification of Mo. Rev. Stat. § 558.047, the Missouri Supreme Court vacated its March 15, 2016 order, denied plaintiff's motion for reconsideration as moot, and denied his state court petition.

submit a petition to the parole board for a review of his sentence after he has served 25 years of his sentence.

## Discussion

After careful consideration and liberal construction of the pleadings, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff's § 1983 complaint contains no factual allegations against any named defendant that can be construed as a valid claim for relief. In addition, because defendant attorneys Waltz, Zleit, Gipson, and Rickard were not state actors acting under color of state law when they advocated on plaintiff's behalf, plaintiff's § 1983 claims against them fail. Furthermore, to the extent that plaintiff seeks release from imprisonment, such relief is not available under § 1983. The Court will not construe or reconstruct plaintiff's complaint as a petition for habeas corpus relief under 28 U.S.C. § 2254, as plaintiff already has a stayed habeas action in this Court. Finally, even if plaintiff did state valid claims under § 1983, defendants Sweeney, Wright, Autrey, and Engelhardt are absolutely immune from plaintiff's claims for money damages.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, plaintiff fails to state a valid claim for relief under 42 U.S.C. § 1983 against any defendant. Plaintiff never states any allegations against any of the named defendants in his complaint. Only through the Court's own research into plaintiff's criminal background has any

connection between plaintiff and most defendants been determined.² Plaintiff cites some legal statutes and rules but makes no factual allegations whatsoever. Plaintiff fails to allege any facts that show how any of these defendants is causally linked to, and directly responsible for, violating his rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely lists these individuals as defendants without alleging, with any specificity, that they did anything to violate his rights. As a result, the complaint fails to state a claim upon which relief may be granted. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Even if plaintiff had made discernible factual allegations against his prior attorneys – defendants Matthew Waltz, Andrew Zleit, Kent Gipson, and Taylor Rickard – these defendants would still be subject to dismissal. "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). An attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325. In this case, plaintiff makes no specific complaints against the defendants who previously represented him. Assuming he named these attorneys due to his dissatisfaction with the outcome of his legal proceedings, his allegations would pertain to their performance of the traditional functions of a defense attorney. None of the allegations indicate defendants acted as a state actor or as a willful participant in joint activity with the state. As such, plaintiff fails to state

---

² The Court notes that it could find no reference to named defendant Sam E. Poston in its research into plaintiff's criminal history.

a § 1983 claim against defendants Waltz, Zleit, Gipson, and Rickard because they are not state actors.

To the extent plaintiff is trying to allege a conspiracy by the defendants with his reference to "1985 Conspiracy to Interfere with Civil Rights," such a claim also fails. To demonstrate the existence of a § 1983 conspiracy, a plaintiff must allege, among other things, a meeting of the minds among the conspirators "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798-99 (8th Cir. 2013). Plaintiff provides no factual support for any meeting of the minds or agreement between the defendants.

Furthermore, to the extent that plaintiff seeks release from imprisonment, such relief is not available under 42 U.S.C. § 1983. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking. If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if plaintiff is seeking release from confinement, challenges to the fact or duration of confinement are properly sought under a § 2254 writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Preiser*, 411 U.S. at 500.

As stated above, plaintiff's complaint fails to state a claim against any named defendant under 42 U.S.C. § 1983. However, to the extent that plaintiff seeks release from confinement, the Court will not recharacterize this action as one being brought under 28 U.S.C. § 2254 because plaintiff already has a habeas action in this Court that has been stayed pending exhaustion of state court remedies. *See Robinson v. Lewis*, No. 4:17-CV-4-HEA (E.D. Mo. filed Jan. 3. 2017).

Finally, to the extent that plaintiff seeks money damages against certain named defendants in their individual capacities, such claims are barred by immunity. Claims against defendant judges Edward Sweeney, Jr., Clinton Wright, and Henry Edward Autrey are barred by judicial immunity. Similarly, claims against prosecuting attorney Tanya Engelhardt are barred by prosecutorial immunity.

Judicial immunity grants absolute immunity to judges from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within his judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity applies "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Here, plaintiff alleges no wrongdoing against judges Sweeney, Jr., Wright, or Autrey but presumably his complaint has to do with their rulings in his cases (or in the case of Judge Wright, the ruling plaintiff expected him to make). There are no allegations of acting outside judicial capacity or without jurisdiction. These defendants are all protected by judicial immunity from claims involving the performance of their judicial duties in plaintiff's court proceedings.

Plaintiff also names prosecuting attorney Tanya Engelhardt. Again, presumably, plaintiff's claims against Engelhardt concern her prosecution against plaintiff in state court. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *Imbler v. Pachtman*, 424

U.S. 409, 427–31 (1976) (prosecutors are absolutely immune from § 1983 claims for damages when civil rights violations are alleged based on actions taken by prosecutor while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution) (*abrogated on other grounds*). As such, Engelhardt is also protected by immunity.

For all of the reasons stated above, this case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $19.70 within **twenty-one (21) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2). Plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by defendants Matthew Waltz and Andrew Zleit [ECF No. 8] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to respond to the motion to dismiss [ECF No. 11] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of February, 2021.

>/s/ Jean C. Hamilton
>JEAN C. HAMILTON
>UNITED STATES DISTRICT JUDGE