# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AARON ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-CV-1662 JMB |
| MATTHEW WALTZ, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This closed case is before the Court upon self-represented Plaintiff Aaron Robinson's 'Motion for Leave of Court to File Plaintiff's First Amendment to his Complaint.' ECF No. 15. On February 22, 2021, the Court granted Plaintiff *in forma pauperis* status and reviewed his § 1983 complaint under 28 U.S.C. § 1915. ECF No. 12. Based on that review, the Court dismissed this matter for failure to state a claim upon which relief may be granted. ECF Nos. 12-13. Now, Plaintiff asks the Court to reopen this case and allow him to file an amended complaint. ECF No. 15. Defendants Matt Waltz and Andrew Zleit filed a memorandum in opposition to Plaintiff's motion, and Plaintiff has filed a reply in support. ECF Nos. 16 & 17. The matter is now fully briefed for the Court's review. As discussed below, the Court finds that it would be futile to reopen this case because Plaintiff's proposed amended complaint also fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915. Therefore, Plaintiff's motion will be denied.

### Background

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brought this case under 42 U.S.C. § 1983, alleging violations of his civil rights against nine defendants in both their individual and official capacities: (1) Matthew Waltz (public defender); (2) Tanya Engelhardt (circuit attorney); (3) Edward Sweeney, Jr. (Missouri State Court Judge); (4) Andrew E. Zleit (appellant

attorney); (5) Clinton Wright (Missouri State Court Judge); (6) Henry Autrey (U.S. District Court Judge); (7) Sam E. Poston (appellant attorney); (8) Kent E. Gibson (appellant attorney); and (9) Taylor Lynn Rickard (appellant attorney). ECF No. 1 at 1-5.

Plaintiff's 'Statement of Claim' section of his form complaint did not contain a short and plain statement of the facts supporting his claims. *See id.* at 3-10. In the 'Relief' section of the complaint, Plaintiff alleged that his Eighth Amendment rights had been violated because he had "not gained relief despite the U.S. Supreme Court mandates concern[ing] 'juveniles sentenced to life without parole sentences.'" *Id.* at 11. However, Plaintiff did not explain why he was naming the defendants that he did, nor did he allege any specific claim against any of them. The Court had to conduct its own review of court records, including records from this Court and the Missouri Circuit Court, in order to understand Plaintiff's legal criminal history and in an attempt to decipher why Plaintiff named these specific defendants. *See* ECF No. 12 at 4-7.

After careful consideration and liberal construction of the pleadings, the Court found the complaint subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. *Id.* at 7-12. Plaintiff's § 1983 complaint failed to contain any factual allegations against any named defendant that could be construed as a valid claim for relief. In addition, four of the defendants were attorneys not acting under color of state law when they advocated on Plaintiff's behalf, and therefore not subject to suit under § 1983. To the extent Plaintiff was seeking release from imprisonment, such relief is not available under § 1983. And the Court would not construe or reconstruct Plaintiff's complaint as a petition for habeas corpus relief under 28 U.S.C. § 2254, because Plaintiff already has a stayed habeas action in this Court. *See Robinson v. Lewis*, No. 4:17-CV-4-HEA (E.D. Mo. filed Jan. 3. 2017). Finally, the Court found that even if the complaint did state a valid claim under § 1983, four of the defendants were absolutely immune from Plaintiff's claims for money damages based on judicial and prosecutorial immunity.

**Arguments of the Parties**

I.  **Motion for Leave and Proposed Amended Complaint**

Plaintiff now asks the Court to reopen this case and grant him leave to file his proposed amended complaint, which purports to correct the deficiencies of the original complaint. ECF No. 15 at 1. The proposed amended complaint (which Plaintiff attached to the motion for leave to file) is brought under 42 U.S.C. § 1983 against two Missouri State Public Defenders: Matthew Waltz and Andrew Zleit. ECF No. 15-1 at 2, 9. Plaintiff describes these Defendants as attorneys "who undertook the fiduciary [to] represent [the] Plaintiff in [his] criminal action;" however, as a result of these Defendants' violations of their fiduciary duties, Plaintiff asserts that he was sentenced to life without parole. *Id.* at 1.

Plaintiff alleges that Defendants conspired with state officials, including state trial court judges, to deprive Plaintiff of his liberty by failing to execute their responsibilities as his appointed counsel in his criminal case number "0722-CR110-01."[1] *Id.* at 2. Plaintiff asserts that he pleaded

---

[1] As summarized by the Court in its dismissal Order: on March 25, 2010, Plaintiff was convicted of first-degree murder and armed criminal action by a jury in St. Louis City Circuit Court. *State v. Robinson*, No. 0722-CR07110-01 (22nd Jud. Cir. filed Aug. 28, 2007). Plaintiff was 17 years old when he committed the offenses. He was sentenced to concurrent terms of life without parole for first degree murder and 30 years for armed criminal action. In the 2010 trial in the matter, Plaintiff was represented by public defender Matthew Waltz. Plaintiff's conviction was affirmed on appeal. *State v. Robinson*, 330 S.W.3d 867 (Mo. Ct. App. 2011). Subsequently, Plaintiff's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied, and the denial was affirmed on appeal. *Robinson v. State*, No. 1122-CC01665 (22nd Jud. Cir. filed Apr. 14, 2011); *Robinson v. State*, 519 S.W.3d 815 (Mo. Ct. App. 2017). Plaintiff was represented by public defender Andrew Zleit in his Rule 29.15 proceedings.

On June 25, 2012, while Plaintiff's motion for post-conviction relief was pending in state court, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. On May 31, 2013, attorney Zleit filed a writ of habeas corpus in state circuit court on Plaintiff's behalf, based on the *Miller* decision. *Robinson v. Russell*, No. 13SF-CC00109 (24th Jud. Cir. filed May 31, 2013). The circuit court denied relief. Zleit also represented Plaintiff in the filing of a writ of habeas corpus with the Missouri Court of Appeals, *In re Robinson*, No. SD33155 (Mo. Ct. App. filed Feb. 3, 2014), which denied Plaintiff's claim as procedurally barred on October 15, 2014. The Missouri Supreme Court granted transfer on March 31, 2015.

On January 27, 2016, while Plaintiff's habeas action was pending before the Missouri Supreme Court, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), holding that *Miller* applied retroactively. On July 13, 2016, Missouri Governor Jay Nixon signed Missouri Senate Bill No. 590, codified at Mo. Rev. Stat. § 558.047, eliminating mandatory life sentences for juveniles and providing juveniles serving mandatory sentences of life without parole an opportunity to petition the parole board for a sentencing review after

with Defendants to "investigate … and to secure the evidence that was needed" for an "affirmative defense of mental defect or disease which diminished or negated criminal responsibility." *Id.* at 3. Even once Plaintiff pointed out to the Defendants that they were derelict in their responsibilities in representing him, Plaintiff further asserts that Defendants refused to withdraw their representation. *Id.* at 4. Plaintiff states that Defendants considered the defense of mental disease or defect a "frivolous" claim. *Id.* at 5.

Plaintiff states that he has suffered from serious neurological disorders since before the trial in his state court criminal matter, and that he continues to suffer from these disorders during incarceration. *Id.* at 6. According to Plaintiff, he was in a car accident approximately five years before his murder conviction, which resulted in head and brain injuries. *Id.* at 6-7. Plaintiff reports that these injuries caused him to hallucinate, lose focus, and talk to himself. *Id.* at 7. About six months after the car accident, Plaintiff was shot in the head. This injury resulted in paranoid thoughts. *Id.* Plaintiff is currently suffering from PTSD, ADHD, depression, anxiety, deep breathing problems, "progressive muscle relation," irrational thinking, hallucinations, blackouts, talking in his sleep, jumpiness or easily startled, paranoia, and he is unable to stay focused long enough to have a conversation. *Id.* at 7-8.

Plaintiff describes Defendants' actions as "more than a mal-practice situation" as they "conspired with and acted in unison with other state officials" to prevent Plaintiff from being able to present a "complete and meaningful defense." *Id.* at 2. Furthermore, Plaintiff claims that "state agents" persuaded Defendants not to pursue this mental disease or defect defense so that Plaintiff would be convicted. *Id.* at 3. According to Plaintiff, Defendants "conspired with the state agents to go on record behind Plaintiff's back [and] without his knowledge." *Id.* at 5. These same

---

serving 25 years. In July 2016, the Missouri Supreme Court found the passage of the Missouri Senate Bill to be grounds for denying Plaintiff's habeas petition because it provided him with an avenue for relief.

unnamed "state agents" also persuaded Missouri State Court Judges to ignore "Plaintiff's every request for redress" which would have corrected "these serious Constitutional errors." *Id.* at 3. Plaintiff states that discovery will reveal "who actually master minded this conspiracy." *Id.* at 6.

Plaintiff seeks five (5) million in damages from each defendant. *Id.* at 9.

## II. Defendants' Opposition

Defendants Waltz and Zleit argue that granting Plaintiff's motion to amend would be futile because they are not state actors, as required to be held liable under §1983, and because Missouri law bars any legal malpractice claim against the Defendants until Plaintiff proves that he was actually innocent of the charges brought against him. ECF No. 16 at 2. Defendants assert that public defenders are not state actors because they do not act under color of law while providing traditional services of a defense lawyer in a criminal proceeding. *Id.* at 3 (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). In addition, Defendants assert that Plaintiff's legal malpractice claims fail as a matter of Missouri law because under such law, a plaintiff must allege actual innocence (which Plaintiff has not done). *Id.* at 4. Furthermore, since Plaintiff has not pursued and achieved post-conviction relief in Missouri State Court on his legal malpractice claims, Defendants argue that Plaintiff is collaterally estopped from pursuing such claims with this Court. *Id.* at 5-6.

## III. Plaintiff's Reply in Support

Plaintiff opposes the assertion that Defendants are not state actors for § 1983 liability. ECF No. 17 at 1. Plaintiff argues that Defendants' actions in conspiracy with other state agents were not actions that fall into the "judicial" category of "traditional services of a defendant's lawyer in a criminal proceeding," as defined and discussed in *Polk County v. Dodson*. 454 U.S. at 325. Plaintiff asserts that his claims are "more serious [than] a mere malpractice suit" and that he is

asserting an "overt act of conspiracy between the two defendants and other state officials." *Id.* at 2.

Plaintiff states that allowing Defendants to avoid liability here would be equivalent to allowing public defenders to "be free to conspire with the state at will to deprive indigents of their basic rights by selling out those indigents in exchange for favorable action for those charged with crimes who are able to bribe their way out of the charges." *Id.* at 3-4. According to Plaintiff, this is a "totally untenable" position that "would totally destroy the adversary system itself" and "establish the public defender system as a hoax." *Id.* at 4-5. Plaintiff asserts that a public defender, who is actually a "secret agent of the state," does not act within the scope of their legal defense duties when they commit an "overt act of conspiracy." *Id.* at 5-6.

Although Plaintiff claims that his suit is not based on malpractice, he argues that the Supreme Court's holding in *Ferri v. Ackerman*, 444 U.S. 193 (1979) – that an appointed defense counsel is not entitled to absolute immunity as a matter of federal law in a state malpractice action – can be logically extended to § 1983 claims such as this case. *Id.* at 8. Furthermore, Plaintiff wants the Court to conclude that *Ferri* and *Polk County* "are inconsistent in principle with any immunity, qualified or absolute, of public defenders charged with conspiring with state officials in violation of 42 USC s1983." *Id.*

Finally, Plaintiff asserts that since Defendants did not deny the existence of a conspiracy in their opposition motion, "they must be held to answer for their actions." *Id.* at 8-9. Plaintiff attached an affidavit completed by himself, in support of his arguments. ECF No. 17-1.

## Discussion

I. **Legal Standards**

Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, amendment is properly denied when

allowing it would be futile because the proposed amended complaint cannot withstand initial review under 28 U.S.C. § 1915(e)(2). *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility) (citing *Doe v. Cassel*, 403 F.3d 986 (8th Cir. 2005)); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). *E.g., Coleman v. Ramada Hotel Operating Co.*, 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

## II. Futility of Allowing Amendment Here

Plaintiff tries to couch his claim as one of conspiracy instead of malpractice in order to avoid dismissal. However, Plaintiff's proposed amended complaint fails to provide the specificity required to plead a claim of conspiracy. He provides no factual evidence of an agreement reached by Defendants and any state officials. Plaintiff's conclusory statements that a conspiracy existed are not enough to state a plausible claim for relief that is more than a mere possibility of misconduct. *See Iqbal*, 556 U.S. at 679. Furthermore, the Defendants' decision not to assert a specific legal defense on Plaintiff's behalf is the type of decision typically made as a part of a lawyer's traditional function as defense counsel. As such, Defendants themselves are not state actors as defined and required for an action under 42 U.S.C. § 1983, and there is no evidence to indicate that they reached an agreement with any state actor to deprive Plaintiff of his rights. Having carefully reviewed and liberally construed the arguments of the parties and the allegations of Plaintiff's proposed amended complaint, the Court will deny Plaintiff's motion because his proposed amended complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). Allowing amendment here would be futile.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*,

436 U.S. 658, 685 (1978). The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

"[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981). An attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325.

However, when a private party acts under color of state law, he or she can be held liable under § 1983. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). But a private party may only be held liable if he or she is a "willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Furthermore, a conspiracy claim under 42 U.S.C. § 1983 requires a plaintiff to establish: "(1) that the defendant conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) the overt act injured the plaintiff." *Burton v. St. Louis Bd. of Police Comm'rs*, 731 F.3d 784, 798 (8th Cir. 2013) (internal citations omitted). A plaintiff must also allege facts that

demonstrate a meeting of the minds "sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." *Id.* at 798-99.

Here, Plaintiff asserts that attorney Defendants have violated his civil rights by refusing to present the defense of mental disease or defect when they were representing him in his criminal state matter. However, Plaintiff does not assert that Defendants' refusal to present this suggested defense was just legal malpractice on the part of Defendants. Plaintiff asserts that Defendants actually conspired with state agents who persuaded Defendants (and state court judges) not to present or allow the presentation of Plaintiff's suggested defense so that Plaintiff would get imprisoned for life.

The problem with Plaintiff's allegations of conspiracy is that he has no evidence in support, only mere assertions. No facts have been presented from which the Court could infer that a meeting of the minds or agreement was reached between the Defendants and any state official. Plaintiff makes conclusory statements that a conspiracy occurred with "state agents" but he does not name any agents and he does not provide any facts suggesting that an agreement was reached to deprive Plaintiff of his rights. Plaintiff's suggestions that discovery will reveal the "master mind" behind this conspiracy is not enough to survive dismissal. Moreover, Plaintiff suggests in his reply brief that the whole Missouri Public Defender's Office is corrupt in that they "sell out" clients such as himself, in order to make deals that favor other clients "who are able to bribe their way out of the charges." ECF No. 17 at 4. These are very serious allegations with absolutely no factual support. Plaintiff's bare assertions of a conspiracy are not sufficient to state a § 1983 claim. *See Iqbal*, 556 U.S. at 678 (to state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements").

Additionally, it is well established that a public defender is not a state actor liable under § 1983 because an attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty.*, 454 U.S. at 325. However, Plaintiff argues that the faulty lawyering of Defendants falls outside the purview of a defense lawyer's traditional functions. The only factual allegation provided by Plaintiff is that the Defendants did not want to assert a defense of mental disease or defect[2] on Plaintiff's behalf because they felt that it would be "frivolous." ECF No. 15-1 at 5.

According to the United States Supreme Court, "[i]t is the obligation of any lawyer – whether privately retained or publicly appointed – not to clog the courts with frivolous motions or appeals." *Id.* at 323. When a Public Defender exercises discretion to make an "independent professional judgment in a criminal proceeding" in their capacity as an attorney dealing with a client, such decisions fall within the purview of a "lawyer's traditional function." *Eling v. Jones*, 797 F.2d 697, 698-99 (8th Cir. 1986) (citing *Polk Cty.*, 454 U.S. at 324). Defendants assessment that Plaintiff's proposed defense was frivolous, was a discretionary decision made by Defendants as part of their traditional functions as defense attorneys. As such, Defendants were not acting as state actors and not liable under § 1983.

---

[2] The Court notes that Plaintiff seems to imply that his statements to this Court about his head injuries due to a car accident and gunshot wound, are newly presented evidence. Putting aside the fact that this § 1983 action is not the proper avenue for presenting new evidence regarding his criminal case, the Court notes that Plaintiff mentions these injuries in filings submitted to the Missouri State Court. *See* Mot. for Reduction in Sentence at 13, *State v. Robinson*, No. 0722-CR07110-01 (filed Mar. 28, 2019) (denied Jan. 7, 2021). Plaintiff's also raised the argument before the state court that he received ineffective assistance of counsel based on his attorneys' failure to investigate and consider a mitigation of his sentence due to mental incompetency. *See* Pet. for Reh'g and Review of Sentence at 2, *State v. Robinson*, No. 0722-CR07110-01 (filed Feb. 19, 2020) (denied Jan. 7, 2021). Obviously, this evidence and argument has been presented to, and denied by, the state court.

To the extent that Plaintiff's seeks to correct or reduction his state court sentence in this action, a complaint under 42 U.S.C. § 1983 is not the appropriate means of doing so. Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

### III. Conclusion

Plaintiff's proposed amended complaint fails to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B). The factual allegations of the proposed amended complaint are insufficient to state a claim for conspiracy and the named defendants are not state actors and therefore, not liable under § 1983. Granting Plaintiff's request to reopen this matter and amend his complaint would be futile. As such, Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave of Court to file Plaintiff's First Amendment to his Complaint [ECF No. 15] is **DENIED**.

Dated this 30th day of June, 2021.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE