# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AARON ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1662 JMB |
| | ) | |
| MATTHEW WALTZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented Plaintiff Aaron Robinson's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). ECF No. 19. On February 22, 2021, the Court granted Plaintiff *in forma pauperis* status and reviewed his § 1983 complaint under 28 U.S.C. § 1915. ECF No. 12. Based on that review, the Court dismissed this matter for failure to state a claim upon which relief may be granted. ECF Nos. 12-13. Plaintiff then filed a motion seeking to reopen the case and to allow him to file an amended complaint. ECF No. 15. On June 30, 2021, the Court denied the motion, finding amendment would be futile because the proposed amended complaint also failed to state a claim on which relief could be granted under 28 U.S.C. § 1915. ECF No. 18. Plaintiff now seeks to alter or amend that Court Order. ECF No. 19. Because the Court finds no manifest error of law or fact, and Plaintiff has presented no newly discovered evidence, Plaintiff's motion will be denied.

### Background

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), brought this case under 42 U.S.C. § 1983, alleging violations of his civil rights. ECF No. 1. In his original complaint, Plaintiff named nine defendants in both their individual and official capacities. All of the named defendants

were attorneys and judges associated with Plaintiff's criminal prosecution.[1]  *Id.* at 1-5.  Plaintiff alleged that his Eighth Amendment rights had been violated because he had "not gained relief despite the U.S. Supreme Court mandates concern[ing] 'juveniles sentenced to life without parole sentences.'"  *Id.* at 11.  Plaintiff did not explain why he was naming the defendants that he did, nor did he allege any specific claim against any of them.

After careful consideration and liberal construction of the pleadings, the Court found Plaintiff's complaint subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.  ECF No. 12.  Plaintiff's complaint did not contain any factual allegations against any named defendant that could be construed as a valid claim for relief.  In addition, four of the defendants were attorneys not acting under color of state law when they advocated on Plaintiff's behalf, and therefore not subject to suit under § 1983.  To the extent Plaintiff was seeking release from imprisonment, such relief is not available under § 1983.  And the Court would not construe or

---

[1] As summarized by the Court in its dismissal Order: on March 25, 2010, Plaintiff was convicted of first-degree murder and armed criminal action by a jury in St. Louis City Circuit Court.  *State v. Robinson*, No. 0722-CR07110-01 (22nd Jud. Cir. filed Aug. 28, 2007).  Plaintiff was 17 years old when he committed the offenses.  He was sentenced to concurrent terms of life without parole for first degree murder and 30 years for armed criminal action.  In the 2010 trial in the matter, Plaintiff was represented by public defender Matthew Waltz.  Plaintiff's conviction was affirmed on appeal.  *State v. Robinson*, 330 S.W.3d 867 (Mo. Ct. App. 2011).  Subsequently, Plaintiff's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15 was denied, and the denial was affirmed on appeal.  *Robinson v. State*, No. 1122-CC01665 (22nd Jud. Cir. filed Apr. 14, 2011); *Robinson v. State*, 519 S.W.3d 815 (Mo. Ct. App. 2017).  Plaintiff was represented by public defender Andrew Zleit in his Rule 29.15 proceedings.

On June 25, 2012, while Plaintiff's motion for post-conviction relief was pending in state court, the United States Supreme Court issued its decision in *Miller v. Alabama*, 567 U.S. 460 (2012), holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders.  On May 31, 2013, attorney Zleit filed a writ of habeas corpus in state circuit court on Plaintiff's behalf, based on the *Miller* decision.  *Robinson v. Russell*, No. 13SF-CC00109 (24th Jud. Cir. filed May 31, 2013).  The circuit court denied relief.  Zleit also represented Plaintiff in the filing of a writ of habeas corpus with the Missouri Court of Appeals, *In re Robinson*, No. SD33155 (Mo. Ct. App. filed Feb. 3, 2014), which denied Plaintiff's claim as procedurally barred on October 15, 2014.  The Missouri Supreme Court granted transfer on March 31, 2015.

On January 27, 2016, while Plaintiff's habeas action was pending before the Missouri Supreme Court, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 136 S. Ct. 718, 736 (2016), holding that *Miller* applied retroactively. On July 13, 2016, Missouri Governor Jay Nixon signed Missouri Senate Bill No. 590, codified at Mo. Rev. Stat. § 558.047, eliminating mandatory life sentences for juveniles and providing juveniles serving mandatory sentences of life without parole an opportunity to petition the parole board for a sentencing review after serving 25 years.  In July 2016, the Missouri Supreme Court found the passage of the Missouri Senate Bill to be grounds for denying Plaintiff's habeas petition because it provided him with an avenue for relief.

reconstruct Plaintiff's complaint as a petition for habeas corpus relief under 28 U.S.C. § 2254, because Plaintiff already has a stayed habeas action in this Court.  *See Robinson v. Lewis*, No. 4:17-CV-4-HEA (E.D. Mo. filed Jan. 3. 2017).  Finally, the Court found that even if the complaint had stated a valid claim under § 1983, four of the defendants were absolutely immune from Plaintiff's claims for money damages based on judicial and prosecutorial immunity.

After the case was closed, Plaintiff filed a motion for leave to file an amended complaint. ECF No. 15.  Plaintiff wanted the Court to reopen the case and grant him leave to file his proposed amended complaint, which purported to correct the deficiencies of the original complaint.  The proposed amended complaint was brought under 42 U.S.C. § 1983 against just two defendants: Missouri State Public Defenders Matthew Waltz and Andrew Zleit. ECF No. 15-1 at 2, 9.  Plaintiff described these Defendants as attorneys "who undertook the fiduciary [to] represent [the] Plaintiff in [his] criminal action;" however, as a result of these Defendants' violations of their fiduciary duties, Plaintiff asserts that he was sentenced to life without parole.  *Id.* at 1.  Plaintiff alleged that the public defender Defendants conspired with state officials, including state trial court judges, to deprive Plaintiff of his liberty by failing to execute their responsibilities as his appointed counsel in his criminal case.  *Id.* at 2.  The two Defendants filed a memorandum in opposition to Plaintiff's motion to amend, and Plaintiff filed a reply in support.  ECF Nos. 16-17.

On June 30, 2021, the Court denied Plaintiff's motion for leave to amend.  ECF No. 18. The Court found that allowing amendment would be futile because Plaintiff's proposed amended complaint failed to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B).  The factual allegations of the proposed amended complaint were insufficient to state a claim for conspiracy and the named defendants were not state actors and therefore, not liable under § 1983.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that a public defender is not a state actor liable under § 1983

3

because an attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Plaintiff has not appealed any of the Court's rulings in this case.

## Motion to Alter or Amend the Judgment

Currently before the Court is Plaintiff's request that the Court reconsider its June 30th Order denying amendment and reopening of this matter, under Federal Rule of Civil Procedure 59(e). ECF No. 19. Plaintiff seeks relief based on four main arguments.

First, Plaintiff argues that the Court's finding (that his allegations against public defender Defendants failed to state a claim) is "at odds with the facts and with the law in Ferri v. Ackerman, 444 US 193." ECF No. 20 at 2. According to Plaintiff, this Supreme Court decision affirms that "the court appointed attorney is no more a public official than his private counter part" and that the "public defender serves a private function." *Id.* at 3. Because of this, Plaintiff asserts that "defenders do not warrant the cloak of governmental immunity" and they "should only obtain the limited immunity that is afforded private defense counsel." *Id.* at 4.

Second, Plaintiff argues that state court records provide the necessary evidence for the Court to find a 'meeting of the minds' between public defender Defendants and state court parties, as required for a conspiracy claim. *Id.* at 4-13. Plaintiff points to a state court order where public defender Zleit informed the court that "after discussion" with Plaintiff, Plaintiff would be waiving an ineffective assistance of counsel claim. *Id.* at 5. Plaintiff argues that because that order was signed by a state court judge, it proves a conspiracy between the judge and Zleit. Plaintiff also points to a state court judge's description on the record of the difficulties of understanding Plaintiff's court testimony for the jurors, the court reporter, and himself. *Id.* at 6-7. It is unclear how Plaintiff believes this evidence supports a conspiracy claim. Finally, Plaintiff points to state-

4

court briefs filed by Defendants making ineffective assistance of counsel claims and seeking state post-conviction relief under Rule 29.15. *Id.* at 7-9. Plaintiff argues the filings were "incomplete, inadequate and in error" and this indicates that "defendants conspired together with state officials by failure to obtain the necessary documents from state agencies that would have enabled Defendant(s) to present a proper defense for [Plaintiff] in his criminal trial and post conviction." *Id.* at 10.

Third, Plaintiff asserts that alternate state-court remedies are not adequate to provide redress for Plaintiff's alleged violations of fundamental constitutional rights. *Id.* at 13. According to Plaintiff, any relief from federal and state habeas corpus proceedings would "fail to compensate a citizen who has suffered a violation" of civil rights. *Id.* at 14. Gaining "release from custody" or punishing an "errant defendant" will not provide the "monetary compensation" available under § 1983. *Id.*

Finally, Plaintiff states that the Court should alter or amend its judgment because the Court's decision was "manifestly unjust" and constitutes a "manifest error of law and fact" because it "premises its ruling on a[n] incorrect factual assumption that the question of Plaintiff's sanity had been adjudicated according to law." *Id.* at 15. Plaintiff argues that his "fitness to proceed has yet to be determined according to law." *Id.* at 16.

**Legal Standard**

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment.[2] Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to

---

[2] In this case, Plaintiff's motion to alter and amend, and his memorandum in support, appear to be timely filed as they are both dated July 27, 2021. ECF No. 19 at 2; ECF No. 20 at 17.

5

correcting "manifest errors of law or fact or to present newly discovered evidence." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. District courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

## Discussion

Plaintiff's motion to alter or amend judgment will be denied. The Court's June 30th Order, which Plaintiff seeks to alter or amend, was based on the legal conclusion that the two public defender Defendants are not state actors, as required to be held liable under 42 U.S.C. § 1983. Nothing in Plaintiff's motion suggests that this conclusion was a mistake based on a manifest error of law or fact. Nor does Plaintiff present any newly discovered evidence.

The essential elements of a constitutional claim under § 1983 are that the defendant acted under color of state law, and that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Furthermore, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). An attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id.* at 325.

The Court agrees with Plaintiff's argument that a public defender "serves a private function." ECF No. 20 at 3. As discussed above, § 1983 does not protect Plaintiff from infringement of his constitutional rights by a private party serving a private function. Section 1983 protects from governmental infringement by state actors. Public defenders are not state actors serving governmental functions, as required to state a claim under 42 U.S.C. § 1983. *Polk Cnty.*, 454 U.S. at 325.

Plaintiff also argues that the Court's June 30th Order is incongruent with the Supreme Court holding in *Ferri v. Ackerman*, 444 U.S. 193 (1979). In that case, the Supreme Court held that appointed criminal defense counsel is not entitled to absolute immunity as a matter of federal law in a state malpractice action. *Id.* at 205. The facts of *Ferri* are distinguishable. Plaintiff here is bringing a federal 42 U.S.C. § 1983 case, whereas *Ferri* pertained to a tort cause of action for malpractice brought in state court. *Id.* at 195-97. In addition, the *Ferri* holding is inapplicable here because the Court's June Order was not based on a finding of entitlement to absolute immunity for public defender Defendants.

Plaintiff's other motion arguments are also unpersuasive. Plaintiff attempts to point to state court records for proof of conspiracy between Defendants and state actors. None of these records are newly discovered evidence. Plaintiff argues that there are no alternate remedies that provide him adequate relief. This does not constitute a manifest error of law or fact. Finally, Plaintiff argues that the Court's Order was based on the incorrect factual assumption that Plaintiff was mentally competent to stand trial in state court. Again, as discussed above, the Court's Order was based on the legal conclusion that public defender Defendants were not acting as state actors and are therefore are not liable under § 1983. This conclusion was not premised on any factual assumption about what did or did not occur in Plaintiff's state court proceedings.

Case: 4:20-cv-01662-JMB   Doc. #:  24   Filed: 11/15/21   Page: 8 of 8 PageID #: 163

**Conclusion**

Plaintiff's motion to alter or amend judgment presents neither evidence of a manifest error of law or fact, nor any newly discovered evidence. As a result, there is no basis for granting his motion under Federal Rule of Civil Procedure 59(e). Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. For all of the reasons discussed above, the Court declines to alter or amend the June 30th judgment of this Court and Plaintiff's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to alter or amend the judgment [ECF No. 19] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall file any future documents or pleadings in connection with any appeal of this matter directly with the United States Court of Appeals for the Eighth Circuit.

Dated this 15th day of October, 2021.

/s/ Jean c. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE